UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                              )<br>               Plaintiff,     )<br>                              )<br>     vs.                      )<br>                              )<br> TERRY WILLIAM SMITH,          )<br>                              )<br>               Defendant.     )<br> _____) | No.  CR-04-2044-AAM<br><br>**MEMORANDUM OPINION** |

    On May 16, 2006, defendant was re-sentenced to a term of imprisonment of 63 months, a period of supervised release of three years, and a fine of $5,000.  Re-sentencing occurred after the Ninth Circuit Court of Appeals vacated the original sentence imposed by this court, taking issue with the $10,000 fine imposed and the directive that it be paid from defendant's IRA (Individual Retirement Account) "if available."

    As is apparent from the undersigned's remarks from the bench during re-sentencing, the imposition of a $5,000 fine is based on the various factors set forth in 18 U.S.C. §3572(a).  Notable among the factors considered by the court is the defendant's considerable past involvement with the criminal justice system and the corresponding cost, as well as the expected cost of the imprisonment and supervised release now imposed by this court, 18 U.S.C. §3572(a)(6).  The court believes this factor warrants imposition of a real fine and an effort to collect it as well.   Also

**MEMORANDUM OPINION-**        **1**

considered is "the defendant's income, earning capacity, and financial resources." 18 U.S.C. §3572(a)(1). With respect to earning capacity, this court took into account defendant's age, and with respect to financial resources, took into account defendant's lack of debt and his ownership of a savings account (approximately $850) and an Individual Retirement Account (IRA)(approximately $11,000).[1] The court believes it is appropriate to consider the IRA funds as part of defendant's "income, earning capacity, and financial resources" in determining whether to impose a fine and the amount of the same. 18 U.S.C. §3572(a)(1).[2] This memorandum opinion sets forth the legal basis for arriving at that conclusion, although it is reiterated that imposition of the fine does not depend exclusively on the existence of the IRA.

    Defendant contends that under Washington law, his IRA is "exempt from execution, attachment, garnishment, or seizure by or under any legal process." RCW §6.15.020(3). Defendant cites *In re Nelson*, 180 B.R. 584 (9th Cir. 1995), for the proposition that tax-deferred individual retirement accounts are covered by this Washington statute. At issue in *Nelson* was whether a Chapter 7 debtor was entitled to an exemption for his IRA so that it would not be included in the bankruptcy estate.[3] The bankruptcy appellate panel (BAP) concluded he was entitled to the exemption because the exemption was not preempted by the federal ERISA (Employee and Retirement Income Security Act of 1974). "The definition of an

---

[1] At the time the original sentence was imposed, this court's information was that there was approximately $20,000 in the IRA.

[2] The Sentencing Guidelines indicate a fine should be imposed unless the defendant establishes he is unable to pay a fine and is not likely to become able to pay a fine in the future. U.S.S.G. §5E1.2(a).

[3] Bankruptcy exemptions are found in 11 U.S.C. §522 and exemptions arising under state law are specifically recognized as applicable in the appropriate circumstance.

**MEMORANDUM OPINION-**      2

employee benefit plan as defined in ERISA does not include an IRA." *Id*. at 587. Defendant contends his IRA is not an ERISA account (presumably because it is not an "employee benefit plan") and therefore is governed by Washington law, instead of ERISA. Even if it were an ERISA account, however, defendant contends funds from the account could not be collected for payment of a fine, citing *United States v. Jackson*, 229 F.3d 1223 (9th Cir. 2000).

*Jackson* was very recently distinguished by the Ninth Circuit Court of Appeals in *United States v. Novak*, 441 F.3d 819 (9th Cir. 2006). In *Novak*, the district court quashed its writ of garnishment of the defendant's benefits under a pension plan subject to ERISA. As part of a criminal sentence, the defendant had been ordered by the district court to pay restitution. At the government's request, a writ of garnishment was issued pursuant to the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. §3205, in an attempt to collect the ordered restitution. The district court quashed the writ, finding it was prohibited by ERISA's anti-alienation provision. The Ninth Circuit Court of Appeals disagreed, finding the Mandatory Victims Restitution Act (MVRA) of 1996, 18 U.S.C. §3663A, in conjunction with 18 U.S.C. §3613, constituted a statutory exception to ERISA's anti-alienation provision. The court of appeals found the MVRA is a specific collection statute designed to provide victims with restitution and that Congress provided for restitution orders to be enforced like tax liens, which are enforceable against ERISA pension benefits. *Id*. at 822. The court of appeals also found that ERISA pension plans do not fall within any of the exemptions listed in 18 U.S.C. §3613 entitled "Civil remedies for satisfaction of an unpaid fine." *Id*. at 822-23. The court of appeals noted its holding was in accord with lower court decisions from around the country, including *United States v. Sowada*, 2003 WL 22902613 (E.D. La. Dec. 9, 2003)(holding that "the United States can garnish ERISA funds for satisfaction of criminal fines and penalties" and observing that to "hold otherwise would give convicted criminal defendants greater rights than those who

**MEMORANDUM OPINION-** 3

owe a tax debt to the government"), and *United States v. Rice*, 196 F.Supp. 1196, 1202 (N.D. Okla. 2002)("With the passage of 18 U.S.C. §3613, Congress created an exception to ERISA's anti-alienation provision by subjecting all of a criminal defendant's property to execution for the collection of a criminal fine"). *Id*. at 824-25. Finally, the court of appeals observed that its decision was not inconsistent with *Jackson* in which neither party had called the MVRA to the court's attention. *Id*. at 825.

If the funds in defendant's IRA are ERISA funds, it appears they could be garnished to collect a criminal fine imposed by this court. If they are not ERISA funds, the question is whether the exemptions under Washington law trump federal law and prevent collection of a federal criminal fine pursuant to the FDCPA. Defendant acknowledges that exemptions under Washington law are subject to federal preemption, but asserts the United States cannot point to any federal statutes preempting application of RCW §6.15.020(3) to defendant's IRA. 18 U.S.C. §3613(a), however, provides that "a judgment imposing a fine may be enforced against **all** property or rights to the property of the person fined." (Emphasis added). There are exemptions listed in subsection 18 U.S.C. §3616(a)(1), but it is not apparent that any of those exemptions include IRAs.[4]

---

[4] The exemptions are incorporated by reference from 26 U.S.C. §6334 of the Internal Revenue Code. They include: "wearing apparel and school books" (26 U.S.C. §6334(a)(1)); "fuel provisions, furniture and personal effects" (26 U.S.C. §6334(a)(2); "books and tools of a trade, business, or profession" (26 U.S.C. §6334(a)(3); "unemployment benefits" (26 U.S.C. §6334(a)(4); "undelivered mail" (26 U.S.C. §6334(a)(5); "certain annuity or pension payments" (26 U.S.C. §6334(a)(6); "workmen's compensation" (26 U.S.C. §6334(a)(7); "judgments for support of minor children" (26 U.S.C. §6334(a)(8)); "certain service-connected disability payments" (26 U.S.C. §6334(a)(10)); and "assistance under Job Training Partnership Act" (26 U.S.C. §6334(a)(12)).

With regard to "certain annuity and pension payments," 26 U.S.C. §6334(6) specifies that the exemption pertains to:

**MEMORANDUM OPINION-    4**

There is a reasonable basis to believe there is federal preemption which would allow garnishment of defendant's IRA to satisfy a federal criminal fine, notwithstanding Washington's exemption at RCW §6.15.020(3). That said, this court fully understands that others are responsible for collecting fines and the manner in which they are to be collected. This court is not conclusively determining now that defendant's IRA funds are subject to garnishment. That issue will be ripe for determination if and when there is an attempt to garnish the IRA. Because, however, there is a reasonable basis, at this time, to believe defendant's IRA funds could be used to satisfy a fine, the court has considered those funds as **part** of defendant's "income, earning capacity, and financial resources" pursuant to 18 U.S.C. §3572(a)(1).

//
//
//
//
//
//

---

> Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. 1562), and annuities based on retired or retainer pay under chapter 73 of title 10 of the United States Code.

Unlike 11 U.S.C. §522 of the Bankruptcy Code, 18 U.S.C. §3613(a)(1) does not specifically recognize any exemptions arising under state law.

**MEMORANDUM OPINION-**     5

Considering all of the factors set forth in §3572(a), even if the defendant is unable to pay the $5,000 fine now, it is likely he will be able to pay it in the future.[5]

The District Executive shall forward copies of this memorandum opinion to counsel and to the U.S. Probation Office (Yakima).

**DATED** this 22nd of May, 2006.

    s/ Alan A. McDonald
    ALAN A. McDONALD
    Senior United States District Judge

---

[5] Liability to pay a fine terminates the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined. 18 U.S.C. §3613(b).

**MEMORANDUM OPINION-** 5